Vernard Alexander (06A5712)
*Pro se Debtor*
Bare Hill Correctional Facility
181 Brand Road, Caller Box 20
Malone, New York 12953

Douglas J. Wolinsky, Esq.
*Chapter 7 Trustee*
Primmer Piper Eggleston & Cramer PC
150 South Champlain Street
P.O. Box 1489
Burlington, Vermont 05401-1489

Diana G. Adams
*U.S. Trustee*
10 Broad Street, Room 105
Utica, New York 13501

Re:     Vernard Alexander
        Chapter 7
        Case No. 09-63469

## LETTER-DECISION AND ORDER

Vernard Alexander ("Debtor") is presently incarcerated at the Bare Hill Correctional Facility located in Malone, New York.  According to a letter received by the Clerk's Office on February 12, 2010, from the New York State Department of Correctional Services, Debtor has been continuously incarcerated since July 5, 2006, and his earliest possible release date is July 12, 2012.  (Document No. 22.)  On December 16, 2009, without having completed the mandatory pre-petition credit counseling required under 11 U.S.C. § 109(h)(1), Debtor filed a *pro se* petition for Chapter 7 relief in the Utica Division of the United States Bankruptcy Court for the Northern District of New York. On December 16, 2009, Debtor requested that the Court either temporarily waive the credit counseling requirement due to exigent circumstances under 11 U.S.C. § 109(h)(3)(A) or, alternatively, grant him a permanent exemption from the credit counseling requirement under 11 U.S.C. § 109(h)(4), for the reason that he could not participate in any form of credit counseling

during his period of incarceration unless it was arranged and ordered by this Court.  (Document No.

5.)

Debtor admittedly did not request credit counseling prior to filing for bankruptcy relief

because he could not obtain counseling in person and he did not have sufficient telephone or Internet

access while incarcerated.  The Court denied Debtor's motion by Order dated December 16, 2009.

(Document No. 7.)  By letter dated December 31, 2009, Debtor asked the Court to reconsider its

decision and grant him a temporary waiver and forty-five day extension to contact an approved

nonprofit budget and credit counseling agency.  Alternatively, Debtor again asked the Court to grant

him a permanent exemption from the credit counseling requirement on grounds that he is "disabled"

or physically "incapacitated" such that he is unable to complete the requirement.  On February 25,

2010, at the conclusion of a telephonic hearing conducted in this matter, the Court orally denied

Debtor's motion for reconsideration and advised the parties that it would issue a written decision

and order setting forth its findings of fact and conclusions of law pursuant to Federal Rule of

Bankruptcy Procedure 7052.

The application of the pre-petition credit counseling requirement codified in 11 U.S.C. §

109(h)(1) to incarcerated debtors is still an unsettled issue in the wake of the Bankruptcy Abuse

Prevention and Consumer Protection Act of 2005 ("BAPCPA").  The Court recognizes that there

is a split of authority both nationally, and locally within the different Divisions of the Northern

District, on the issue of whether the Court should exercise its discretion to in effect judicially create

or write in a fourth exemption from the credit counseling and financial management requirements

such that 11 U.S.C. § 109(h)(4) would be read to include "incapacity, disability, . . . active military

duty in a military combat zone[, or incarceration]."  *Compare In re Hubel*, Chapter 7 Case No. 08-

10396, slip. op. at 5 (Bankr. N.D.N.Y. Mar. 7, 2008), *aff'd*, No. 08-cv-384, slip. op. at 9 (N.D.N.Y. Sept. 8, 2008) (holding that incarceration does not constitute a "physical impairment" as intended by Congress), *In re Anderson*, 397 B.R. 363, 366-67 (6th Cir. B.A.P. 2008) (citing cases) (concluding that incarceration does not amount to a disability), *In re Denger*, 417 B.R. 485, 489 (Bankr. N.D. Ohio 2009) ("In straightforward terms, a debtor's incarceration, standing on its own, cannot be equated with a 'disability' for purposes of § 109(h)(4)."), *and In re Larsen*, 399 B.R. 634, 637 (Bankr. E.D. Wis. 2009) ("even though incarceration may erect physical barrier's to the debtor's . . . [ability] to obtain the briefing, it is not a physical impairment in the sense that it is not an injury, defect, or characteristic of this person's physical makeup that prevents him from doing what is necessary to obtain the briefing"), *with In re Vollmer*, 361 B.R. 811, 814-15 (Bankr. E.D. Va. 2007) (holding that a permanent waiver of pre- and post-petition counseling was justified where the debtor was truly unable to participate because of imprisonment and the United States Trustee withdrew its objection).[1]  *See also* Laura B. Bartell, *From Debtors' Prisons to Prisoner Debtors: Credit Counseling for the Incarcerated*, 24 Emory Bankr. Dev. J. 15, 40 (2009) (advocating for the judiciary to exercise its discretion rather than "allow . . . BAPCPA to be interpreted in a manner that would have the unintended . . . consequence of imposing on the penal population a punishment never contemplated by the criminal laws of this country, that is, denying them, and their families, relief

---

[1] It has been brought to this Court's attention that the Honorable Margaret Cangilos-Ruiz issued an Order in the case of *In re York*, Chapter 7 Case No. 09-31733, on December 18, 2009, relying in part on *In re Vollmer*, waiving the requirement of the debtor to complete post-petition financial management counseling because it was impossible for the debtor to do so while incarcerated, due to limited access to the telephone, no access to the Internet, and the absence of in person counseling at the facility where debtor was located.  While uniformity of the rulings issued by the bench across the Northern District is certainly desirable, this Court  respectfully disagrees with the ruling of Judge Cangilos-Ruiz and the minority position regarding this particular eligibility issue.

4

for their economic distress").

Section 109 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1530, which sets forth

the eligibility criteria for being a debtor, provides, in relevant part:

> [A]n individual may not be a debtor under this title unless such individual has,
> during the 180-day period preceding the date of filing of the petition by such
> individual, received from an approved nonprofit budget and credit counseling agency
> described in section 111(a) an individual or group briefing (including a briefing
> conducted by telephone or on the Internet) that outlined the opportunities for
> available credit counseling and assisted such individual in performing a budget
> related analysis.

11 U.S.C. § 109(h)(1) (2006).  Thus, under 11 U.S.C. § 521 and Federal Rule of Bankruptcy

Procedure 1007(b)(3), the debtor is required to file "a certificate  from the approved nonprofit

budget and credit counseling agency that provided the debtor  services under section 109(h)

describing the services provided to the debtor."  11 U.S.C. § 521(b)(1) (2006); Fed. R. Bankr. P.

1007(b)(3).  There are three statutory exceptions to the pre-petition credit counseling requirement,

including those for a debtor who: (1) resides in a district that the United States Trustee has

determined does not have adequate credit counseling services available to individuals, 11 U.S.C. §

109(h)(2)(A) (2006); (2) has "exigent circumstances" warranting a temporary waiver of the

requirement, not to exceed forty-five days from the date the debtor filed the petition, provided the

debtor attempted but was unable to obtain credit counseling services over the course of a continuous

seven day period, 11 U.S.C. § 109(h)(3)(A) and (B) (2006); and (3) is unable to complete the

requirement because of "incapacity, disability, or active military duty in a military combat zone,"

11 U.S.C. § 109(h)(4) (2006).

The statute explicitly defines both "incapacity" and "disability" for the purposes of

determining whether a permanent exemption applies to a particular debtor.  Congress defined

5

"incapacity" to mean "that the debtor is *impaired by reason of mental illness or mental deficiency* so that he is incapable of realizing and making rational decisions with respect to his financial responsibilities." *Id.* (emphasis added). Congress defined "disability" to mean "that the debtor is so *physically impaired* as to be unable, after reasonable effort, to participate in an in person, telephone, or Internet briefing." *Id.* (emphasis added).

Since 11 U.S.C. § 109(h)(3)(B) prevents the Court from deferring the credit counseling requirement beyond forty-five days after the Debtor filed his petition, which in Debtor's case expired on January 30, 2010, the "exigent circumstances" waiver is inapplicable here. Therefore, the Court's inquiry in this case focuses exclusively on whether Debtor's current condition meets either of these definitions. Notably, Debtor does not allege that he is impaired by reason of mental illness or mental deficiency, and Debtor has in fact proven otherwise by competently representing himself *pro se* in this case. The Court's consideration is, therefore, appropriately limited to the question of whether Debtor's incarceration equates to a disability as that term is statutorily defined.

Unlike several other provisions of BAPCPA, the text of 11 U.S.C. § 109(h) is susceptible to a plain meaning analysis. The Court is not left to decipher or guess about congressional intent where the statute itself specifically defines material terms. "[I]n interpreting a statute a court should always turn first to one, cardinal canon before all others . . . [C]ourts must presume that a legislature says in a statute what it means and means in a statute what it says there." *Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 253-54 (1992) (citing cases). "When the words of a statute are unambiguous, then, this first canon is also the last: 'judicial inquiry is complete.'" *Id.* at 254 (citing *Rubin v. United States*, 449 U.S. 424, 430 (1981); *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241 (1989)).

With respect to whether a debtor suffers from a disability, "the statute contemplates an impairment due to physical disability, as opposed to one's personal circumstances." *In re Hubel*, Chapter 7 Case No. 08-10396, slip. op at 5. This exemption due to disability is intended to prevent "the absurd situation in which a debtor would be required to complete a course even if suffering from Alzheimer's Disease or some other disability that would make the course meaningless or even impossible." 2-109 Collier on Bankruptcy ¶ 109.09 (2009). Bankruptcy courts have rarely granted debtor permanent exemptions, and those that have done so have generally reserved such relief for debtors who are severely physically impaired. *See, e.g., In re Howard*, 359 B.R. 589, 590 (Bankr. E.D.N.C. 2007) (granting permanent exemption from the pre-petition credit counseling requirement to debtor husband who suffered from cardiac arrest resulting in short-term memory loss, hearing loss, and limited mobility); *In re Hall*, 347 B.R. 532, 536 (Bankr. N.D. W. Va. 2006) (granting permanent exemption from the post-petition financial management counseling requirement to elderly debtor who was hearing impaired, limited to a scooter for mobility, and suffered from serious health problems, including prostrate cancer); *In re Tulper*, 345 B.R. 322, 326 (Bankr. D. Colo. 2006) (granting permanent exemption from the pre-petition credit counseling requirement to debtor who was "not very ambulatory because she [was] tethered to a breathing apparatus and wheelchair bound" and her co-debtor spouse whose hands and feet were disabled and who was virtually deaf).

As best stated by the Honorable Gary L. Sharpe, United States District Court Judge:

> [T]he term "disability" is commonly used to refer to an impairment that is *inherent to the person*, not one which is imposed by external conditions the alleviation of which would relieve the disability. It is clear, of course, that Congress was not satisfied that the common understanding of "disability" would be sufficient; after all, the statute takes the extra step of defining "disability." But the definition is notable for what it does not include: any explicit reference to incarceration. If Congress had intended for incarcerated debtors to be treated as disabled, then surely, having both recognized the ambiguous nature of the term "disability" and undertaken to clarify

it, Congress could have chosen clearer language to express such intent.  It appears more likely that in choosing to define "disability," Congress did not intend to alter its common meaning, but rather meant to clarify the degree or severity of the disability that was required to warrant an exemption.  This reading is borne out by Congress's use of the phrase "*so* physically impaired . . . ," 11 U.S.C. § 109(h)(4) (emphasis added), which implies a distinction from some lesser form of physical impairment.

*In re Hubel*, No. 08-cv-384, slip op. at 8 (first emphasis added).

The Court does recognize that the requirements of 11 U.S.C. § 109(h) are not jurisdictional and therefore may be waived under appropriate circumstances.  *See In re Seaman*, 340 B.R. 698, 707 (Bankr. E.D.N.Y. 2006) (citing *In re Tomco*, 339 B.R. 145, 161 (Bankr. W.D. Pa. 2006); *In re Ross*, 338 B.R. 134, 136-37 (Bankr. N.D. Ga. 2006)).  However, the Court does not believe that it would be a proper use of its discretion to waive the credit counseling requirements for incarcerated debtors who do not otherwise suffer from physical or mental disabilities as contemplated by Congress and statutorily defined by the text of 11 U.S.C. § 109(h)(4).  There can be no doubt that Congress, in enacting BAPCPA, intended to limit the degree of discretion and judicial flexibility from the law previously exercised by bankruptcy courts.  *See In re Dunford*, 408 B.R. 489, 495 (Bankr. N.D. Ill. 2009).  It is for Congress, therefore, to remedy the apparent disadvantage faced by prisoners who find it impossible to comply with 11 U.S.C. § 109(h) because of their lack of personal autonomy and access to credit counseling agencies during their period of incarceration.

For the foregoing reasons, this Court agrees with the majority holding that 11 U.S.C. § 109(h)(4) should be narrowly construed to include only incapacity, disability, or active military duty as those terms are defined above.

8

Accordingly, it is hereby

ORDERED, that Debtor's request for reconsideration of the Court's prior Order denying

Debtor relief under either subsection (3)(A) or (4) of 11 U.S.C. § 109(h) is denied.

IT IS SO ORDERED.

Dated at Utica, New York
this 5th day of March 2010

/s/ Diane Davis
DIANE DAVIS
United States Bankruptcy Judge